OPINION
The plaintiff-appellant, Glenda Earwood ("appellant"), appeals the judgment of the Hancock County Court of Common Pleas, Domestic Relations Division, affirming the Magistrate's decision to dismiss her motion to show cause. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. The appellant and the appellee, Rodney Earwood ("appellee") were married on August 21, 1976 in Winnsboro, Texas. On February 2, 1998, the appellant filed a complaint for divorce against the appellee in the Hancock County Court of Common Pleas. On May 22, 1998 parties appeared in court and entered into a Separation Agreement, which provided for the division of all their marital assets and debts. This matter came on for final hearing and the parties made certain amendments to the agreement. On June 25, 1998, the Magistrate approved the agreement, including the amendments and incorporated it into the Decree of Divorce.
Amendment No. 3 to the Separation Agreement provides, in pertinent part, as follows:
 The parties agree that Husband has a "Thrift Plan" (hereinafter "Thrift") from his place of employment, Marathon Oil Company. As of February 1, 1998, the Thrift had a value of approximately $242,460. The parties agree that the Wife shall be entitled to $150,000 from the Thrift pursuant to a Qualified Domestic Relations Order (QORO) and Husband shall be entitled to the balance at the time of journalization of this Decree. * * *
In order to implement this payment, a QDRO was drafted and signed by the parties. The QDRO provided in pertinent part:
 3. The Alternate Payee[1] is hereby assigned a portion of the Participant's right, title and interest into the Thrift Plan and the Thrift Plan is hereby ordered to segregate for the benefit of the Alternate Payee an amount in the Participant's account equal to $150,000 determined as of the close of business on May 22, 1998 ("valuation date").
 4. Any interest or earnings of any type provided by the Thrift Plan on the segregated amount in the Participant's Plan account from the valuation date until the date of distribution shall belong to the Alternate Payee.
Pursuant to this QDRO, Marathon Oil Company segregated an amount equal to $150,000 as of May 22, 1998[2] from the appellee's Thrift Plan and placed it in a separate account in the appellant's name.
On October 27, 1998, pursuant to the appellant's request, her account was closed and the money was distributed to her. Marathon Oil paid the appellant $139,605.27. The difference between the original amount of $150,000 and the amount of the actual payout was due to a downturn in the stock market. On June 4, 1999, the appellant filed a motion to show cause asking that the appellee be ordered to appear and answer to the court for paying the lesser amount and not the sum certain of $150,000.
In lieu of an evidentiary hearing, the Magistrate assigned to this matter requested that the parties submit briefs on the issue of whether the appellant was entitled to the $150,000 or was subject to the depreciation of the assets. On February 25, 2000, the Magistrate rendered a decision finding that the appellant was subject to the depreciation of the assets and was therefore, only entitled to payment of $139,605.27.
The appellant filed objections to the Magistrate's decision. On June 14, 2000, the trial court issued a decision affirming the Magistrate's decision and overruling the appellant's objections. On July 7, 2000, the trial court filed a Judgment Entry expressly adopting the Magistrate's decision as the order of the court. It is from this judgment that the appellant now appeals, asserting one assignment of error.
Assignment of Error
 The decision of the Common Pleas Court and its affirmation of the decision of the Magistrate in this matter is incorrect and wrongfully denies the appellant the unpaid balance of the $150,000.
 The appellant contends that the trial court's decision is contrary to law as it results in a modification of the separation agreement and is contrary to the expressed intent of the QDRO. For the following reasons, we disagree.
Before addressing the merits of the appellant's contention, it is necessary to set forth the standard of review in this matter. When reviewing a trial court's decision in a domestic relations case, the abuse of discretion standard applies. Booth v. Booth (1989),44 Ohio St.3d 142, 144. The term abuse of discretion suggests more than an error of law or judgment and indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217. Absent an abuse of discretion, the trial court's judgment cannot be disturbed on appeal. Id. at 218.
In her sole assignment of error, the appellant argues that the language of the Separation Agreement and the QDRO are inconsistent. The appellant argues that the use of May 22, 1998 as a valuation date in the QDRO is contrary to the Separation Agreement and in effect modifies the agreement.
The Separation Agreement states that the "parties agree that Wife shall be entitled to $150,000 from the Thrift pursuant to a Qualified DomesticRelations Order." (emphasis added). The QDRO drafted provided May 22, 1998, the date of the final hearing, as the valuation date. Both parties agreed to and signed the QDRO and assets in the amount of $150,000 on May 22, 1998 were transferred to a Thrift Plan account in the appellant's name.
The language of the Separation Agreement and the QDRO are not inconsistent as the appellant now contends. In fact, the Separation Agreement specifically provides for the existence of the QDRO. Furthermore, the appellant was well aware of the method of distribution as she agreed to and signed the QDRO on July 20, 1998.
The record in this case reveals that at all times, the appellant was aware of the nature of the asset in question. It was her decision to withdraw the funds at a time when, due to a downturn in the stock market, the asset had depreciated. The record in this matter supports the decision of the trial court. It cannot be said that the trial court abused its discretion in determining that the appellant was only entitled to the depreciated value of the assets.
Accordingly, the appellant's sole assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
 ____________________________ HADLEY, P.J.
SHAW and BRYANT, JJ., concur.
[1] The QDRO defines the appellant as the Alternate Payee and the appellee as the Participant.
[2] May 22, 1998 was the date of the final hearing.